**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLYTHE COLSHER,** | : | Civil Action No. |
| **6695 Mayflower Drive** | : | |
| **Bensalem, PA 19020** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CRITERION LABORATORIES, INC.,** | : | |
| **400 Street Road** | : | |
| **Bensalem, PA 19020** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Blythe Colsher (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Criterion Laboratories, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Criterion Laboratories, Inc. is a environmental testing and consulting company with a location and corporate headquarters at 400 Street Road, Bensalem, PA 19020.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-03847 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 1, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On October 19, 2015, Defendant hired Plaintiff in the position of Laboratory Supervisor & Quality Manager.

21. Plaintiff was well qualified for her position and performed well.

22. Since the start of her employment, Plaintiff noticed that James Weltz, Owner, treated Plaintiff differently than Andrew Schwab, Deputy and Senior Analyst.

23. Mr. Weltz frequently spoke to Mr. Schwab when he came to the laboratory and was friendly towards him.

24. However, Mr. Weltz regularly ignored Plaintiff when he came to the laboratory and treated her coldly in general.

25. Plaintiff felt that Mr. Weltz's differential treatment of her was based on her gender.

26. Plaintiff did not complaint about the gender discrimination because she feared retaliation.

27. On February 5, 2021, Mr. Weltz brought Plaintiff into his office and terminated her.

28. When Plaintiff asked Mr. Weltz for the reason for her termination, he shrugged his shoulders and stated, "it didn't work out."

29. Plaintiff never received any prior disciplines or warnings.

30. A couple of days later, Mr. Weltz promoted Mr. Schwab to replace Plaintiff.

31. It is Plaintiff's position that she was discriminated against due to her gender in violation of Title VII and the PHRA.

**COUNT I – GENDER DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. Plaintiff is a member of protected classes in that she is female.

34. Plaintiff was qualified to perform the job.

35. Similarly situated persons outside of Plaintiff's protected classes were treated more

favorably than Plaintiff.

36. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

37. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

38. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

39. Defendant terminated Plaintiff.

40. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a member of protected classes in that she is female.

43. Plaintiff was qualified to perform the job.

44. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

45. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

47. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

48. Defendant terminated Plaintiff.

49. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Blythe Colsher, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 30, 2021      **By:**   **/s/ David M. Koller**
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*